## MILO LUCAS *vs.* MOSES O. NICHOLS & Trustees.

A trustee process, brought in a county where neither plaintiff nor defendant resides, but where the corporation summoned as trustees hold their meetings, and served by copy on the defendant and trustees, may be maintained against the defendant, after a discharge of the trustees.

An agreement to manufacture goods, and deliver them at a place to be designated by the vendee, is satisfied by having the goods ready for delivery at the vendor's shop, if the vendee does not designate another place.

ACTION OF CONTRACT on a written agreement, by which the plaintiff agreed to make certain organs for the defendant at a shop in Boston at specified times and prices, and to deliver them at any place in Boston which the defendant might de

signate, and to forward them according to the defendant's directions.

The plaintiff and defendant were both described in the writ as of Newton in the county of Middlesex, and the First Universalist Society in Weymouth in this county were summoned as trustees. The writ was served by giving copies thereof to the defendant and trustees. At the first term, the defendant appeared and filed an affidavit of merits ; and the trustees filed an answer, and were afterwards discharged. After their discharge, the defendant moved to dismiss the action, because all the persons summoned as trustees had been discharged, and there had been no such service of the writ on the defendant as would be sufficient in an action commenced in the ordinary mode of process, and the defendant had not answered, and was not bound to answer to the suit. But *Byington,* J. overruled the motion, and ordered the defendant to answer, and the case to stand for trial.

The answer averred that the defendant had performed the agreement on his part, and that the plaintiff had failed to perform his part of the agreement. At the trial, the plaintiff introduced evidence that he made a large number of organs for the defendant pursuant to the agreement, and the defendant was often in the plaintiff's shop, and was told by the plaintiff that the organs were ready for him, and was requested by the plaintiff to take them away, but never took away but three of them, or gave any directions for the delivery of the others.

The judge instructed the jury that the plaintiff must prove that he continued to perform the agreement until it was complete, or until the defendant committed a breach of the agreement, by refusing to receive the organs according to it; that, the defendant having designated no place for their delivery, the plaintiff must make and deliver them at his shop, and that was the place for the defendant to receive them. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. Eastman,* for the defendant.

*(. T. Russell,* for the plaintiff.

Bigelow, J. The motion to dismiss this action was rightly overruled. Although both plaintiff and defendant lived in the county of Middlesex, the writ was properly made returnable in the county of Norfolk under Rev. Sts. *c.* 109, § 7; *c.* 90, § 16; *c.* 2, § 6, *cl.* 13. *Lewis* v. *Denney,* 4 Cush. 588. The corporation, being *quasi* local, could be properly summoned as trustees only in the county of Norfolk, where they had their place of business and held their meetings. The writ, being rightly made returnable in the county of Norfolk, could well be maintained and prosecuted in that county, after the discharge of the trustees, against the principal defendant, under Rev. Sts. *c.* 109, § 10, because the service of the writ on him would have been sufficient, if the action had been commenced by a common writ. *Belknap* v. *Gibbens,* 13 Met. 475. *Brown* v. *Webber,* 6 Cush. 569.

The ruling of the court upon the question of delivery of the organs was correct. The rule is, where no place is designated, in a contract of sale, for the delivery of an article to be manufactured by the vendor, it is to be delivered at the shop or manufactory of the vendor, and if he is ready at the time appointed to make delivery there, he has fulfilled his part of the agreement. *Middlesex Co.* v. *Osgood,* 4 Gray, 449. Where the vendee is, by the terms of the contract, to designate a place of delivery, the vendor is bound to be ready to make delivery at the place designated. If the vendee omits to designate the place, the vendor is guilty of no breach of contract, if the articles are ready for delivery at the time fixed by the contract.

*Exceptions overruled.*